Case 5:05-cv-00043-JHM-ERG   Document 164   Filed 09/27/07   Page 1 of 9 PageID #: 6276

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

CIVIL ACTION NO: 5:05CV-043-M

JOHN P. ECKSTEIN and
LOREE ECKSTEIN                                                                        PLAINTIFFS

V.

CINCINNATI INSURANCE COMPANY and
GREAT NORTHERN INSURANCE COMPANY,
a subsidiary of THE CHUBB CORPORATION                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on multiple pending motions. Defendants Cincinnati Insurance Company (CIC) and Great Northern Insurance Company (Great Northern) have both moved the Court to reconsider its denial of summary judgment to the Defendants. The Defendants have additionally requested the Court to grant summary judgment on the matters of compensatory damages and bad faith. The parties fully briefed the matters and the Court heard oral argument on the issues, thus these matters are ripe for decision. Each will be addressed in turn.

**I. Facts**

The facts are set out in the earlier memorandum opinions denying summary judgment. [DNs 104 and 105]. The Ecksteins home suffered damage as a result of faulty construction. The Ecksteins attempted to collect on insurance policies which were issued by CIC and Great Northern. Both companies denied coverage. The Ecksteins assert that their losses are

covered and the Defendants denied the claims in bad faith. The Defendants submit that policy exclusions preclude coverage for the Ecksteins' losses and that there was no bad faith. In addition to requesting summary judgment on the matters of coverage and bad faith, the Defendants argue that the Ecksteins have already collected on their losses in a separate settlement, and therefore they cannot collect again.

## II. Reconsideration of Summary Judgment

The Court previously denied the Defendants' motions for summary judgment finding coverage under the ensuing loss provisions of the policies. The Defendants have now renewed those motions. The Defendants submit that a recent case from the Texas Supreme Court, Fiess v. State Farm Lloyds, 202 S.W.3d 744 (Tex. 2006), should be considered by the Court as more persuasive than cases cited in the earlier summary judgment opinions. Defendants also rely heavily upon a recent case from the Eastern District of Kentucky, Travelers Property Casualty Co. of America v. B & W Resources, Inc., No. 6:05-CV-355KKC, 2006 WL 3068810 (E.D. Ky. Oct. 26, 2006).

Both cases cited by the Defendants involved ensuing loss clauses similar to the ones at issue here. In each case, the courts found that ensuing loss clauses only apply when an excluded risk is followed by a separate, intervening occurrence that in turn causes an ensuing loss. The Defendants submit that there was no separate occurrence apart from the excluded faulty construction and that the water damage is simply the result of the excluded risk. In B & W Resources, the court found that the insured "offered no proof of some intervening event other than the [excluded risk] that caused the collapse." Id. at *4. The court stated that it

2

was unwilling "to allow coverage for an ensuing loss that is directly related to the original excluded risk because to do so would allow the exception to swallow the exclusion." Id.

In the Court's prior opinion, the Court concluded there was coverage for water damage because it was a loss ensuing from faulty construction. The Court acknowledges that its ruling allows "the exception to swallow the exclusion." However, the Court found no language in the policies or any Kentucky law to suggest that an ensuing loss clause only operated if there was a separate occurrence or event from the excluded risk.

These motions to reconsider essentially ask the Court to conclude that the Defendants' construction of the policies (that an independent event, rather than simply a result, must occur after an excluded risk before ensuing loss coverage will exist) is the only reasonable construction to be drawn from the language of these policies. However, the Sixth Circuit has recognized that there is more than one reasonable interpretation of these ensuing loss provisions. See Farmers Chemical Association v. Maryland Casualty Co., 421 F.2d 319 (6th Cir. 1970), and Blaine Construction Corp. v. Ins. Co. of North America, 171 F.3d 343 (6th Cir. 1999). While the Court is mindful that Farmers Chemical and Blaine do not interpret Kentucky law, they are the most relevant authorities available to the Court.

In Farmers Chemical, the insured had an all risk insurance policy which excluded "[e]rror, omission or deficiency in design, specifications, workmanship, or materials, unless fire or other accidents otherwise recoverable hereunder ensues and then only for such ensuing loss or damage." Farmers Chemical, 421 F.2d at 321. A pipe owned by the insured was improperly insulated and therefore buckled and developed leaks, causing a ten-day

3

shutdown of business operations while the insured's pipe was repaired. The parties agreed that the failure to properly insulate the pipe was a result of faulty design or workmanship and excluded by the policy. Id.

The insured submitted that the breaking of the pipe was an event separate from the faulty workmanship, and argued that the business interruption was recoverable under the policy. Farmers Chemical, 421 F.2d at 321. The insurer proposed that the pipe's breakage was simply the result of the deficient workmanship, and that a further fire or other accident was necessary to trigger coverage. Id. The Sixth Circuit failed to explain what type of event was necessary for the ensuing loss provision to apply; instead, the Court found that "[w]hile it may be persuasively argued that [the insurer's] interpretation of the policy is the more reasonable, the language here involved is at best ambiguous. Therefore, in line with well-established rules of construction, we hold that the ambiguity must be resolved in favor of the insured." Id.

The Sixth Circuit again applied the holding of Farmers Chemical in Blaine Construction Corp. v. Ins. Co. Of North America, 171 F.3d 343 (6th Cir. 1999). In Blaine, the insured had an insurance policy which excluded "[e]rrors in design, errors in processing, faulty workmanship or faulty materials, unless loss or damage from an insured Peril ensues and then only for such ensuing loss or damage." Id. at 346. The policy also excluded "[d]ampness or dryness of atmosphere, extremes or changes in temperature." Id. Vapor barriers which were intended to protect the insulation were installed improperly, and moisture and condensation then became trapped in the ceiling cavity. Id. at 346. Insulation

4

had to be replaced, and conflict began regarding whether the relevant insurance policy covered the loss. Id. at 347.

The insured submitted that "[e]ven if the failure to seal the vapor barrier constituted defective work, the introduction of moisture into the insulation was an 'ensuing loss' outside the scope" of the faulty construction exclusion. Blaine, 171 F.3d at 347. The Blaine court found many parallels between the Blaine facts and the Farmers Chemical facts. The similarities noted in the Blaine opinion exist in this case as well:

> Here too the insurance company contends that the damage for which coverage is sought lies outside the exception to the faulty workmanship exclusion, the original damage not having been followed by any further accident-or, as [the insurer] puts it here, 'an ensuing loss, to be covered, must be the result of a new, separate and independent peril from the peril that is excluded, rather than a loss that follows naturally and ordinarily from an excluded peril.'

Blaine, 171 F.3d at 350. The Court found that the exclusions in the policy did not apply, and found that the ensuing "water damage is precisely what it was that led the building owner to require" the replacement of the ruined insulation. Id. at 353.

The comparisons between the Blaine decision and this case are numerous. In light of these decisions, the Court cannot accept the Defendant's argument that its interpretation of the ensuing loss provision is the only reasonable one to be drawn from the policy language. Even if the Court should change its opinion to adopt the Defendant's interpretation, the Sixth Circuit would find these clauses to be at least ambiguous and thus, the interpretation in favor of coverage prevails. Therefore, the Defendants' Motions for Reconsideration are DENIED in all parts that relate to coverage [DN 111, DN 122].

### III. Compensatory Damages

The Defendants submit that the Ecksteins have been fully compensated for their loss in a separate suit. The Defendants argue that claims for compensatory damages must be dismissed because the Ecksteins have been made whole for their loss. The Ecksteins respond that they have not been wholly compensated for their losses and thus their claims should proceed.

"There is a strong public policy in this Commonwealth against double recovery for the same elements of loss." Hardaway Mgmt. Co. v. Southerland, 977 S.W.2d 910, 918 (Ky. 1998). The Ecksteins reached a settlement for nearly $5 million for a different but related suit which took place in McCracken Circuit Court. Many of the claims for damages in the McCracken County suit are similar to those levied here. There are other claims, however, that were substantially different. The McCracken suit included claims of personal injury and fraud, which are not alleged here. Additionally, the Settlement Agreement specifically noted that it did not release the Ecksteins' claims against CIC and Great Northern.

The Court recognizes Kentucky's public policy against double recovery and will guard against any such recovery in this case. Nonetheless, there are questions of material fact as to what the Ecksteins have been compensated for and what remains, thus, this matter is not appropriate for summary judgment at this time. The Defendants' Motions for Summary Judgment on compensatory damage claims are hereby DENIED [DN 112, 125].

### IV. Bad Faith

For an insured to prevail on a bad faith claim: "(1) the insurer must be obligated to

6

pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer knew there was no reasonable basis for denying the claims or acted with reckless disregard for whether such a basis existed." Wittmer v. Jones, 864 S.W.2d 885, 890 (Ky. 1993).

The Defendants submit that when a coverage question is a matter of first impression under Kentucky law, then bad faith claims are not supported. In Empire Fire & Marine v. Simpsonville Wrecker Service, Inc., 880 S.W.2d 886, 891 (Ky.App. 1994), the court found that "[w]here there is a legitimate first-impression coverage question for purposes of Kentucky law and recognized authorities support the insurer's position in denying coverage, the insured's claim is fairly debatable as a matter of law and will not support a claim of bad faith." The Sixth Circuit later echoed that opinion. When courts of different jurisdictions "have adopted the position advanced by the insurer, the question is 'fairly debatable.'" Cowan v. Paul Revere Life Ins. Co. 30 Fed. Appx. 384, 388 (6th Cir. 2002). To avoid bad faith liability, "[a]n insurer's position must only be 'fairly debatable,' it need not be correct as a matter of law." Id.

The Ecksteins argue that summary judgment on the bad faith claim should not be granted until bad faith discovery has taken place. The Ecksteins point out that they have yet to discover why the claim was denied and until such time as that is determined, it is impossible to respond to the summary judgment argument that the Defendants had a reasonable basis in law or in fact for denying the claim. However, discovery is not needed to determine whether the Defendants had a reasonable basis in law for denying the claim.

7

Under current Kentucky law, an insurer is essentially free to deny coverage in matters of first impression without potential liability on bad faith claims. See Empire Fire & Marine, 880 S.W.2d at 891. Regardless of what facts might be discovered, "where there is a legitimate first-impression coverage question for purposes of Kentucky law and recognized authorities support the insurer's position in denying coverage, the insured's claim is fairly debatable as a matter of law and will not support a claim of bad faith." Id.

There was certainly a reasonable basis to deny coverage for mold damage. Because of the exclusions, this case has turned from a mold damage case to a water damage case. The only possible coverage the Court has found is for water damage under the ensuing loss provisions of the policies. Whether these provisions provide coverage for loss which results directly from excluded events – or whether ensuing loss clauses apply only when an excluded risk is followed by a separate, intervening occurrence that in turn causes an ensuing loss – is a matter which is fairly debatable. As noted earlier in this opinion, there is case law in this Circuit contrary to the Defendant's position, however, those cases dealt with Tennessee law. This issue is a matter of first impression is Kentucky and there is a wealth of authority elsewhere for the Defendant's position that these ensuing loss provisions do not provide coverage under these circumstances. Although the Court denied the initial motion for summary judgment on the bad faith claim, after considering the question presented by this current motion, the Court concludes that the Plaintiff's claim is fairly debatable as a matter of law and it will not support a claim of bad faith. Thus, the Defendants are entitled to summary judgment on the bad faith claims. The Defendants' Motions for summary judgment

on bad faith claims are GRANTED [DN 110, 122], and abeyance of this decision is unnecessary.

## V. Conclusion

Summary judgment is granted for the Defendants on all claims which relate to the Consumer Protection Act. To the extent that the Court's earlier opinion was unclear, Consumer Protection Act claims may no longer proceed. Great Northern's request for clarification is GRANTED [DN 111].

The Defendants' Motions for Summary Judgment on compensatory damage claims are hereby DENIED [DN 112, 125].

The Defendants' Motions for summary judgment on bad faith claims are GRANTED [DN 110, 122]. The Ecksteins' Motion to Stay a decision on bad faith claims is DENIED [DN 126]. The Order entered by the magistrate judge instructing bad faith discovery to proceed [DN 141] is vacated for mootness, and it is hereby ordered that no bad faith discovery shall proceed. Defendants' objections related to the magistrate's order entered at docket number 141 are DENIED as moot [DN 142, DN 144].

The Defendants' Motions for Reconsideration as to the coverage questions are DENIED [DN 111, DN 122].

cc: counsel of record